John B. Rathey  
vs.   } Law No.1705  
United Elec. Rys. Co.  
May 13, 1926.

WALSH, J. The question of liability in this case was determined by us in Moniz vs. United Electric Rys. Co., No. 1704 in this court.

The jury awarded the plaintiff in the present case $3500 as damages and the defendant claims that the damages awarded are excessive.

Dr. Christie testified that plaintiff received injuries to his face, cuts and abrasions of both shins, and complained of chest injuries; that there was soreness and tenderness of the left chest at the eighth and ninth ribs; that the plaintiff was strapped up for three to four weeks; that plaintiff could not do any heavy work on January 30, 1926, the date of his examination; that plaintiff might do some light work not requiring such physical exertion now; that plaintiff might be all right again in from five to six months from the time of trial. The date of the accident was October 6, 1925.

The bill for Dr. Christie's services to date of trial was $150. The plaintiff's loss of wages averaged $28 per week. Plaintiff was confined to his bed for two weeks and to the house for four to five weeks, and testified as to the continued presence of pain and dizzy spells up to the time of trial. The maximum financial loss shown by plaintiff is $1350. An allowance of $2200 approximately for pain and suffering seems to us to be excessive upon all the evidence. We think $1000 for pain and suffering would be generous.

Hence, if plaintiff shall file with the Clerk of the Superior Court for the County of Kent, within four days of the filing of this rescript, his remittitur of all of said verdict of $3500 in excess of $2350, the defendant's motion for a new trial is denied; if such remittitur is not filed as above set forth, defendant's motion for a new trial is granted.

For Plaintiff: Quinn, Kernan & Quinn.

For Defendant: Clifford Whipple, Earl A. Sweeney.